### (February 23, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK by ROBERT E. FISCHER, Deputy Attorney-General, Respondent, v. STEWART DAN and ROLAND BARNES, Appellants.— Order unanimously modified, in accordance with memorandum and as so modified, affirmed. Memorandum: Respondents Dan and Barnes who are respectively a newscaster and a television cameraman appeal from an order

of Wyoming County Additional Special and Trial Term which granted the People's motion to require them to answer questions put to them before the Grand Jury which they then refused to answer. The asserted ground for such refusal was that they were protected by section 79-h of the Civil Rights Law and the First Amendment of the United States Constitution from disclosing any news or the source of any such news coming into their possession in the course of gathering or obtaining news for broadcast by the television station by which they were professionally employed. The questions which they refused to answer did not require them to disclose news or the sources of their news, information or knowledge but merely asked them to testify about events which they had observed personally. In our opinion the provisions of section 79-h of the Civil Rights Law afford appellants the privilege of refusing to divulge the identity of any informant who has supplied them with information but the statute does not permit them to refuse to testify about events which they observed personally, including the identities of the persons whom they had observed. The provisions of section 79-h are similar to the provisions of section 421.100 of the Kentucky Revised Statutes which provides: "No person shall be compelled to disclose in any legal proceeding or trial before any court, or before any grand or petit jury . * * * the source of any information procured or obtained by him and published in a newspaper or by a radio or television broadcasting station by which he is engaged or employed." In *Branzburg* v. *Pound* (461 S. W. 2d 345, affd. *sub nom. Branzburg* v. *Hayes,* 408 U. S. 665) the Kentucky Court of Appeals construed the Kentucky statute as affording a newsman the privilege of refusing to divulge the identity of an informant who supplied him with information but held that the statute did not permit a reporter to refuse to testify about events which he had observed personally, including the identities of those persons whom he had observed. The Kentucky statute protects a newsman from disclosing "the source of any information procured or obtained by him, and published * * * by a * * * television broadcasting station". Section 79-h of the Civil Rights Law protects a newsman from disclosing "any news or source of any such news coming into his possession * * * for broadcast by * * * television". The holding of the Kentucky Court of Appeals should be followed in the case at bar. We find no merit in appellants' further contention that the provisions of the First Amendment to the United States Constitution and section 8 of article I of the New York State Constitution exempt them from testifying before the Grand Jury. "The Constitution does not, as it never has, exempt the newsmen from performing the citizen's normal duty of appearing and furnishing information relevant to the Grand Jury's task." (*Branzburg* v. *Hayes,* 408 U. S. 665, 691, *supra.*) We conclude that no constitutional provision exempts appellants from testifying before the Grand Jury and, while they are not required to divulge the identity of an informant who has supplied them with information, they are required to testify about events that they observed personally including the identity of the person whom they observed. The order appealed from should be modified by adding thereto a provision that appellants are privileged to refuse to divulge the identity of any informant who supplied them with information but that they are required, nevertheless, to testify about events which they observed personally including the identity of the persons whom they observed. (Appeal from order of Wyoming Special and Trial Term directing respondents to answer questions put to them by the Grand Jury sitting in Wyoming County.) Present—Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.