**Silas J. ALEXANDER, et al., Plaintiffs,**

v.

**CHICAGO PARK DISTRICT, et al., Defendants.**

**No. 79 C 2242.**

United States District Court, N. D. Illinois, E. D.

July 28, 1982.

Rufus Cook, Chicago, Ill., for plaintiffs.

Jack Carriglio, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

Plaintiffs, who are Chicago residents, have brought this civil rights action against defendants, Chicago Park District and related parties. They allege that the defendants have discriminatorily maintained and administered the city's park system. This action has generated several discovery related disputes. The latest one, which is presently before the court, involves plaintiffs, the Chicago *Sun-Times* newspaper, and five of its reporters. On June 21, 1982 plaintiffs served the newspaper and the five reporters with subpoenas which sought deposition testimony as well as the production of documents and photographs allegedly used in preparation of the articles published in the *Sun-Times* as part of the series entitled "Our Squandered Legacy." Since issuance of this process, plaintiffs have modified their discovery request stating that they now seek only the reporters' testimony as to their personal observations of the parks during their investigation for the series. The *Sun-Times* and the five reporters, William Clements, Kevin Lamb, M. W. Newman, Ray Sons, and Harlan Draeger, contend that the testimony sought is protected by the First Amendment to the United States Constitution and have moved to quash the subpoenas and bar the depositions. After careful consideration of the parties' submissions, the court concludes that the testimony as to the reporters' observations is not "source material" which is protected by the First Amendment and the motion to quash is, therefore, denied.

■ At the outset, the court notes that within certain limits now recognized in our law, the *Sun-Times* and its reporters are protected by the First Amendment from compelled disclosure of "the sources and source material" which they relied on in

writing and publishing the articles concerning the Chicago parks. *Gulliver's Periodicals, Ltd. v. Chas. Levy Circulating Co.,* 455 F.Supp. 1197 (N.D.Ill.1978). Movants contend that the reporters' observations were their "source material" and are similarly protected from disclosure. This court disagrees. A reporter's observations of a public place or event are no different in kind than that of other individuals; and as to this, they are not entitled to constitutional protection. The provisions of the First Amendment simply do no extend to cover the reporters observations of the parks during their investigation. *See, e.g., Gilbert v. Allied Chemical Corp.,* 411 F.Supp. 505, 511 (E.D.Va.1976); *Branzburg v. Pound,* 461 S.W.2d 345 (Ky.1970), *aff'd* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (state "shield law" which provided that reporters could not be compelled to disclose sources of information obtained while news gathering did not prevent compulsory disclosure of reporter's personal observations); *Lightman v. State,* 15 Md.App. 713, 294 A.2d 149 (1972), *aff'd per curiam* 266 Md. 550, 295 A.2d 212, *cert. denied,* 411 U.S. 951, 93 S.Ct. 1922, 36 L.Ed.2d 414 (same); *People by Fischer v. Dan,* 41 App.Div.2d 687, 342 N.Y. S.2d 731 (94th Dept. 1973) (same); *Rosato v. Superior Court of Fresno County,* 51 Cal. App.3d 190, 124 Cal.Rptr. 427, *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (same). Accordingly, it is for these reasons that the motion to quash the subpoenas and bar the depositions is denied.

So ordered.